UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America     :
                             :
        v.                   :     File No. 2:07-CR-6
                             :
Wesley Alexander             :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 55)

Defendant Wesley Alexander, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. Alexander claims that the Office of the United States Attorney violated terms of his Plea Agreement by objecting to a downward departure and arguing for a sentence enhancement. For the reasons set forth below, I recommend that the motion be DENIED.

Factual Background

In January 2007, a grand jury returned a four-count indictment against Alexander for distribution of and possession with intent to distribute cocaine. In July 2007, the government filed an Information pursuant to 21 U.S.C. § 851, notifying the Court that Alexander had previously been convicted of two felony drug offenses. The government also filed a single-count Superseding Information alleging that he had used a telephone in committing, or facilitating the commission of, a felony in violation of 21 U.S.C. § 843(b).

On July 30, 2007, Alexander pled guilty to the one count in the Superseding Indictment. In exchange for the guilty plea, and pursuant to a written Plea Agreement, the government agreed: to move to dismiss the Indictment at the time of sentencing; not to prosecute Alexander for any other criminal offenses known to the government as of the date of the Plea Agreement; to recommend that Alexander receive credit for acceptance of responsibility; and that if the offense level was determined to be 16 or more, to move that Alexander receive additional credit for acceptance of responsibility on grounds of timely notification of his intent to plead guilty, pursuant to U.S.S.G. § 3E1.1(b). The government further agreed that if the Court imposed a three-year term of supervised release, and if after two years the U.S. Probation Office concluded that Alexander had abided by the terms of his supervised release, the government would not oppose a motion for early release. Finally, the government agreed to recommend that the Court adjust Alexander's sentence to credit him for the time he spent in custody between January and November 2006. (Paper 39 at 4-5).

At sentencing, Alexander moved for a downward departure based upon his allegedly minor role in the overall criminal

conduct. The government opposed the motion, arguing that "Alexander played an essential role in the drug trade," that he personally profited from that role, and that a minimum role adjustment was not warranted given the more significant charges set forth in the Indictment. (Paper 49 at 8-9). The Court denied the motion for a downward departure.

Defense counsel also argued that, contrary to the 2-3 gram recommendation in the Pre-Sentence Report ("PSR"), the drug quantity attributable to Alexander should be only 1-2 grams. The basis for this argument was that the Probation Office was including the weight of the packaging. (Paper 50 at 1-2). The government argued for adherence to PSR's recommendation, largely on the ground that Alexander was involved in far greater amounts of drugs during the relevant time period. The Court ultimately sided with the government and sentenced Alexander to 41 months in prison, to be followed by two years of supervised release. The Court also ordered that he receive 22 months credit for time served. Alexander did not appeal his sentence.

In his § 2255 petition, Alexander argues that the government breached the Plea Agreement. Specifically, he contends that the Assistant U.S. Attorney assigned to the case at the time agreed to a total offense level of 14, with

a resulting Guideline range of 37-46 months. The government also allegedly promised not to oppose a motion for downward departure. When a different AUSA took over the case, he failed to abide by these alleged promises.

The government opposes the motion, noting that neither of these alleged agreements were set forth in the written Plea Agreement. The government also argues that the motion is procedurally barred because there was no direct appeal.

## Discussion

I. <u>Failure to Appeal</u>

The Supreme Court has stated that "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998) (quoting <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994)) (internal quotations omitted); <u>see also</u> <u>United States v. Munoz</u>, 143 F.3d 632, 637 (2d Cir. 1988) ("A motion under § 2255 is not a substitute for an appeal."). Accordingly, the general rule is that a claim not raised on direct appeal is procedurally defaulted and may not provide the basis for § 2255 relief absent a demonstration of cause and prejudice or actual innocence. <u>See</u> <u>Zhang v. United States</u>, 506 F.3d 162, 166 (2d Cir. 2007).

"Cause" must be "something *external* to the petitioner,

4

something that cannot fairly be attributed to him . . . ." Coleman v. Thompson, 501 U.S. 722, 753 (1991) (emphasis in original). In this case, Alexander submits that he did not file an appeal because "by the time [the] Second Circuit heard [the appeal] and made a decision I would be freed . . . ." (Paper 55 at 4). As this explanation makes clear, Alexander's failure to appeal was based upon his own calculation about when the appeal would likely be resolved, rather than some external force that impeded his ability to file. His subjective belief that an appeal would be futile does not excuse his default. See Murray v. Carrier, 477 U.S. at 478, 488 (1986) (prisoner must show objective factor external to the defense).

When a petitioner has failed to establish cause for his procedural default, the Court need not determine whether he suffered prejudice since *both* cause and prejudice must be shown. Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985); Long v. Lord, 2006 WL 1977435, at *6 (N.D.N.Y. Mar. 21, 2006). Nonetheless, for reasons discussed below, Alexander cannot show prejudice since his claims lack substantive merit. Nor has he presented any evidence to show actual innocence of this crime. Schlup v. Delo, 513 U.S. 298, 327 (1995). His § 2255 motion is, therefore, procedurally

5

defaulted.

II. The Merits

Even if Alexander's claims were not procedurally barred, no relief is due because the record does not support his arguments. He first claims that the government violated the Plea Agreement when it contested his motion for a downward departure. The written Plea Agreement, however, contained no agreement from the government on this issue. The government agreed to recommend that Alexander receive credit for acceptance of responsibility, and that if the Court found an offense level of 16 or more, to move for additional credit for acceptance of responsibility. With respect to a request for a downward departure based, for example, on Alexander's later claim that his role in the offense was minor, the Plea Agreement was silent.

Moreover, the government expressly reserved the right "to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relative to sentencing or the positions the United States may take regarding sentencing (except as specifically provided elsewhere in this agreement)." (Paper 39 at 5). The Plea Agreement also included a standard integration clause, stating that "[n]o agreements have been

made by the parties or their counsel other than those contained herein." Id. at 9.  The Court should therefore find that Alexander's claim of breach on the downward departure issue is without merit.

Alexander next claims that the government promised him a sentence of 37 months.  This claim appears to be premised, at least in part, on the initial plea offer set forth by the government in correspondence dated June 8, 2007.  (Paper 60-2).  In that letter, the government suggested that after awarding a reduction for acceptance of responsibility, the Court would likely impose a Level 14 Guideline Range of 37-46 months.  Id.  In the Plea Agreement, however, the parties clearly contemplated the possibility that the Court would impose an offense level of "16 or more."  (Paper 39 at 4). The Plea Agreement also set forth Alexander's understanding that "the sentence to be imposed on him is within the sole discretion of the Court . . . .  The United States does not make any promises or representations as to what sentence WESLEY ALEXANDER will receive."  Id. at 5.  Further, the Agreement stated Alexander's understanding that "any estimates or predictions relative to the Guidelines calculations are not binding upon the Court," and that any erroneous estimate or prediction by counsel or anyone else

would "not provide grounds for . . . appellate or post-conviction relief." Id. at 6. Consequently, Alexander cannot now argue that he was promised a 37-month sentence prior to sentencing.

## Conclusion

For the reasons set forth above, I recommend that Alexander's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (Paper 55) be DENIED.

Dated at Burlington, in the District of Vermont, this 17th day of February, 2009.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).